UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HUGH ALEXANDER,

      Plaintiff,

v.                                 Case No:  2:13-cv-856-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## ORDER

Before the Court is Plaintiff, Hugh Alexander's Unopposed Application for Attorney Fees under the Equal Access to Justice Act (Doc. 27), filed on May 7, 2015. Plaintiff moves pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for an award of attorney's fees in the amount of $5,653.12 and costs for filing fees in the amount of $400.00.   Plaintiff attached a timesheet confirming a total of 30 hours worked in this matter, and represents that the Commissioner has no objection to the motion.   Doc. 27 at 2, 8-9.   For the reasons stated herein, the motion is granted.

Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.   28 U.S.C. § 2412(d).

In this case, on March 25, 2015, the Court entered an Opinion and Order reversing and remanding this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).   Doc. 25.   Judgment was entered on March 26, 2015.   Doc. 26.   Thus, Plaintiff is the prevailing party in this litigation. Plaintiff also asserts that the Commissioner's position in the underlying action was not substantially justified and that his net worth at the time this proceeding was filed was less than two million dollars.   Doc. 27 at 1-2, 3-4.   The Commissioner does not contest that Plaintiff meets the requirements under the EAJA, and the Court finds that all conditions have been met.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee.   28 U.S.C. § 2412(d)(2)(A).   Determination of the appropriate hourly rate thus is a two-step process.   The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate.   *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992).   The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

As noted by Plaintiff's counsel, he is requesting an adjusted hourly rate that is authorized by applying the cost-of-living adjustment to the $125.00 ceiling for work he performed in this case.   Because the Commissioner does not object to the adjusted

hourly rates sought and they are within the rates permitted by the EAJA, the Court finds that $179.78 and $191.08 are appropriate hourly rates.   Plaintiff's counsel also has submitted a timesheet that includes an itemization of legal services performed. Doc. 27 at 8-9.   Counsel spent a total of 30 hours of work on Plaintiff's case.   After reviewing the description of the services provided, the Court concludes that the time is reasonable and properly compensable.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Plaintiff, Hugh Alexander's Unopposed Application for Attorney Fees under the Equal Access to Justice Act (Doc. 27) is **GRANTED**.   Attorney's fees in the amount of $5,653.12 and costs in the amount of $400.00 shall be awarded to Plaintiff pursuant to the EAJA, 28 U.S.C. § 2412(d).   If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government represents that it will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

2.     The Clerk is directed to enter judgment for Plaintiff as to attorney's fees in the amount of $5,653.12 and costs in the amount of $400.00 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**DONE** and **ORDERED** in Fort Myers, Florida on this 11th day of May, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record